## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JACOB LEWIS,                              )
                                          )
      Plaintiff,                      )
                                          )
v.                                        )    Case No. CIV-23-792-SLP
                                          )
AMERICAN MORTGAGE SOURCE, LLC,            )
ASPIRE MORTGAGE COMPANY, LLC and          )
KENT SAMPLES,                             )
                                          )
      Defendants.                     )

## O R D E R

Before the Court is the parties' briefing submissions directed to whether this Court can exercise diversity subject matter jurisdiction over this matter. *See* Pl.'s Brf. [Doc. No. 30]; Def.'s Brf. [Doc. No. 31] and Pl.'s Reply [Doc. No. 32]. Upon review, the Court DISMISSES WITHOUT PREJUDICE this action for lack of subject matter jurisdiction.

## I.    <u>Background</u>

On September 8, 2024, Plaintiff filed this action against Defendants American Mortgage Source, LLC (AMS), Aspire Mortgage Company, LLC (Aspire), and Kent Samples (Samples). Plaintiff seeks a declaratory judgment that Aspire is the alter ego of AMS and that Samples is the de facto owners of AMS. Plaintiff further seeks a declaratory judgment that Aspire is the alter ego of Samples and that Samples is the de facto owner of Aspire. Additionally, Plaintiff brings claims for breach of contract, conversion, civil theft, fraud, breach of constructive trust and accounting.

Plaintiff invokes this Court's diversity jurisdiction and asserts there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332. In his initial Complaint, *see* Doc. No. 1, Plaintiff identified himself as a citizen of the State of Texas. *Id.*, ¶ 1. But his allegations of citizenship as to Defendants were deficient. Additionally, Aspire filed its Disclosure Statement [Doc. No. 14] and identified as one of its members, Brandon Samples, a "Texas resident."[1]

Because Plaintiff is a citizen of the State of Texas, the Court had concerns about its exercise of diversity jurisdiction. Consequently, the Court directed Plaintiff to file an amended complaint to allege sufficient factual allegations demonstrating diversity jurisdiction. *See* Order [Doc. No. 5]. For reasons discussed more fully below, the Amended Complaint, *see* Doc. No. 7, did not rectify the Court's concerns regarding diversity jurisdiction. Accordingly, the Court discussed the matter at a status conference with the parties and then directed briefing on the issue. *See* Order [Doc. No. 28].

In his briefing, Plaintiff acknowledges that the Court directed Plaintiff to "file a brief with supporting facts and legal authority to demonstrate that jurisdiction is proper under [28 U.S.C.] § 1332." Doc. No. 7 at 2, ¶ 7 (citing Doc. No. 5). But Plaintiff argues that the Court should treat the jurisdictional issue as a facial attack and accept the allegations of the Second Amended Complaint as true. *Id.*, ¶ 9. Alternatively, Plaintiff contends that "the verified facts also support subject matter jurisdiction over Plaintiff's

---

[1] Brandon Samples has not been named, individually, as a party to this lawsuit.

claims against [Aspire]." *Id*. at 5, ¶ 12.  The Court begins, therefore, by identifying the relevant facts as alleged in the Amended Complaint.[2]

## II.    Factual Allegations of the Amended Complaint

Plaintiff alleges that Aspire is an Oklahoma limited liability company and that its sole member is Defendant Samples.  *See* Am. Compl. [Doc. No. 7], ¶ 3.  Plaintiff further alleges that in October 2022, Plaintiff, Brandon Samples, and Defendant Samples formed Aspire and "[t]he company ***was to be*** owned 80% by Defendant Samples, 10% by Brandon Samples and 10% by Plaintiff.  *Id*., ¶ 28 (emphasis added).   Brandon Samples is the son of Defendant Samples.  Brandon Samples "currently resides in Lewisville, Texas."  Am. Compl., ¶ 28.[3]

---

[2] As the Tenth Circuit has instructed, "it is ordinarily the proper course to 'look to the amended complaint to determine jurisdiction.'"  *Vincent v. Nelson*, 51 F.4th 1200, 1212, n. 6 (10th Cir. 2022) (quoting *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007)).

[3] The initial Complaint contained no allegations as to Brandon Samples citizenship or residence. The "residency" allegations were added to the Amended Complaint in response to the Court's Order [Doc. No. 5] advising Plaintiff that he had failed to adequately identify "the members, or the citizenship of the members, of the LLC Defendants, AMS and Aspire."  *Id*. at 2.  The Amended Complaint is similarly deficient.  It alleges that Brandon Samples "currently ***resides in*** Lewisville, Texas.  *Id*., Doc. No. 7, ¶ 28 (emphasis added).  But it contains no allegations as to Brandon Sample's citizenship.  *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2014) ("An individual's residence is not equivalent to his domicile[,] and it is domicile that is relevant for determining citizenship.").  The only place in the record where Brandon Sample's citizenship is addressed is in Plaintiff's Brief.  There, Plaintiff states: "Brandon Samples is a resident ***and citizen*** of the State of Texas."  Doc. No. 30 at 3, ¶ 10(b) (citing Am. Compl., ¶ 28) (emphasis added).  The citation to the Amended Complaint is inaccurate.  As stated, the Amended Complaint includes no allegation regarding the citizenship of Brandon Samples. Nonetheless, Plaintiff and Brandon Samples appear to concede that Brandon Samples is a citizen of the State of Texas.  As such, he is non-diverse from Plaintiff.

Plaintiff alleges that "*[a]s of the filing of this Amended Complaint*, neither Brandon Samples nor Plaintiff were members of Aspire." *Id.* (emphasis added). "*On information and belief*, no membership certificates were ever issued showing Brandon Samples or Plaintiff to be members of Aspire." *Id.* (emphasis added).

In direct contradiction to these allegations, in the initial Complaint Plaintiff alleged, consistent with Defendant's Disclosure Statement, that Aspire "was owned 80% by Defendant, 10% by [Brandon Samples] and 10 % by Plaintiff." Compl. [Doc. No. 1], ¶ 28.

In the Amended Complaint, Plaintiff alleges that in April 2023, his employment with Aspire "as to which Plaintiff *thought he was* a 10% member, was terminated. *Id.*, ¶ 32 (emphasis added). Again, in direct contradiction to these allegations, in the initial Complaint, Plaintiff alleged that in April 2023, his employment with Aspire "as to which Plaintiff *was* a 10% member, was terminated." Doc. 1, ¶ 32 (emphasis added).

Not only are the allegations of the initial Complaint and the Amended Complaint directly contradictory, but Plaintiff's allegations within the Amended Complaint are inconsistent regarding ownership interests in Aspire. For example, Plaintiff alleges that "[i]n April 2023, Defendant [Samples], Defendant's son, and Plaintiff met to discuss buying Defendant [Sample's] *portion* of Aspire." *Id.*, ¶ 31 (emphasis added). And Plaintiff further alleges that Defendant Samples "used the bank and other financial accounts and resources of Aspire for his own benefit and has acted in violation of his fiduciary duties owing to *other members* of Aspire[.]" *Id.*, ¶ 49 (emphasis added).

In Defendants' Answer they "admit" that Aspire "is owned 80% by Kent Samples, 10% by Plaintiff, and 10% by Brandon Samples. Defendants further admits that "no membership certificates were issued." Answer [Doc. No. 17], ¶ 28.

III. <u>**Governing Standard**</u>

The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 947 (10th Cir. 2014); *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015). Where a facial attack to jurisdiction is mounted, the Court must take as true all well-pled factual allegations. *Peterson v. Martinez*, 707 F.3d 1197, 1205–06 (10th Cir. 2013). Mere conclusory allegations of jurisdiction are not enough. *Id.* at 1206; *see also Dudnikov v. Chalk & Vermilion Fine Arts, Inc*., 514 F.3d 1063, 1070 (10th Cir. 2008) (explaining that "well-pled" allegations are "plausible, non-conclusory, and non-speculative"). Where a factual attack is mounted, the Court may consider matters outside the complaint and the allegations of the complaint are not presumptively true. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001).

As stated, Plaintiff alternatively argues that "the verified facts also support subject matter jurisdiction over Plaintiff's claims against [Aspire]." Doc. No. 30 (Pl.'s Brf.) at 5, ¶ 12. But neither the initial Complaint nor the Amended Complaint are verified. *See* Doc. Nos. 1 (Compl.) and 7 (Am. Compl.).

In his Brief, Plaintiff purports to supply the missing verifications. *See* Doc. No. 30 (Pl.'s Brf) at 7. Plaintiff includes "verifications" from two individuals. Plaintiff includes a verification of his own, in which he states:

> The undersigned declares and verifies under oath that the facts set forth in the foregoing brief are true and correct to the best of his personal knowledge. 28 U.S.C. § 1746.

*Id.*

Plaintiff further includes a verification of non-party Brandon Samples which states:

> The undersigned declares and verifies under oath that the facts set forth in Paragraph 10b-k, m, n, and q in the foregoing brief are true and correct to the best of his personal knowledge. 28 U.S.C. § 1746.

*Id.*[4]

The Court rejects Plaintiff's verifications. They fail to comply with 28 U.S.C. § 1746[5] as they do not include a statement that they are made "under penalty of perjury."

---

[4] The referenced paragraphs of the Brief include some citations to the Amended Complaint, and other unsupported, wholly conclusory statements regarding, inter alia, the membership interests of Aspire, that are not included in the Amended Complaint. *See, e.g., id.*, Doc. No. 30, ¶ 10(n) ("Because no Company Agreement was put in place, Plaintiff and Brandon Samples contend they were never true members of AMC."); *see also id.*, ¶ 10(o) ("There is no evidence to support or suggest that either Plaintiff or Brandon Samples were actual members of AMC.").

[5] Section 1746 provides in relevant part:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true ***under penalty of perjury***, and dated, in substantially the following form:

*See United States v. Miles*, 343 F. App'x 392, 394 (10th Cir. 2009) (holding that declarations omitting the "under penalty of perjury" language specifically required by § 1746 are insufficient and recognizing that the Tenth Circuit "ha[s] consistently focused on the importance of this language" (quoting *Price v. Philpot*, 420 F.3d 1158, 1165 n. 6 & 1167 (10th Cir. 2005)); *see also In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir. 2013) (holding that 28 U.S.C. § 1746 "requires that a certification of the truth of a matter be expressly made under penalty of perjury" for the statute to apply because "[i]nclusion of the language 'under penalty of perjury' is an integral requirement of the statute"). Moreover, although the verifications state they are made "under oath," they are not attested to or notarized. Absent any verifications, Plaintiff purports to establish jurisdiction based solely on the allegations of the Amended Complaint.

As discussed below, given the direct contradictions between Plaintiff's allegations in the initial Complaint and Amended Complaint and without any factual development or explanation for these contradictions from Plaintiff, the Court finds Plaintiff has failed to demonstrate complete diversity of citizenship between the parties and, therefore, this Court cannot exercise subject matter jurisdiction.

---

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
(Signature)".

28 U.S.C. § 1746 (emphasis added).

IV.    **Discussion**

Diversity jurisdiction under 28 U.S.C. § 1332 exists "only if no plaintiff and no defendant are citizens of the same state – that is, there must be complete diversity between all plaintiffs and all defendants." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quotations omitted).  The only way to confirm the citizenship of Aspire is to confirm the identify of its members, and the citizenship of each of those members.  *See Siloam Springs*, 781 F.3d at 1237-38 (stating that "in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members").[6]

The current record before the Court as to the member(s) of Aspire and the citizenship of the member(s) is inconclusive.  Necessarily, therefore, the citizenship of Aspire cannot be determined.  Plaintiff's initial allegations -- acknowledging that there are three members to Aspire -- is at complete odds with the allegations in the Amended Complaint, recognizing only a single member to Aspire.  Additionally, as noted, the allegations of the Amended Complaint are inconsistent with respect to the membership interests.  Because Plaintiff's allegations are contradictory and appear to be self-serving,

---

[6] Neither party appears to dispute that Aspire is an Oklahoma limited liability company.  And Defendant has submitted the Articles of Organization for Aspire filed with the Oklahoma Secretary of State.  *See* Doc. No. 31-1; *see also* Okla. Stat. tit. 18, § 2004(B)(2) ("Filing of the articles [of organization] by the Office of the Secretary of State is conclusive evidence of the formation of the limited liability company.").  There are no allegations that Aspire is no longer in existence.  To the contrary, the Amended Complaint alleges that "Aspire *is* a limited liability company formed under the laws of the state of Oklahoma."  Doc. No. 7 at 2, ¶ 3 (emphasis added).  To this end, the Tenth Circuit has instructed that "jurisdiction depending on the condition of the parties [] is governed by that condition as it was at the commencement of the suit."  *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006).

the Court will not presume Plaintiff's allegations in the Amended Complaint regarding the membership interests of Aspire to be true.[7]

As set forth, Plaintiff bears the burden of proof on the jurisdictional issue before the Court. Plaintiff was given the opportunity to address the jurisdictional issue and to provide the Court with a factual and legal record in support thereof. Plaintiff chose not to provide any factual support.[8] The Court finds, therefore, that Plaintiff has failed to meet his burden to show complete diversity of citizenship exists between the parties.

## V.    Conclusion

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

IT IS SO ORDERED this 8th day of October, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff's counsel is subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure and by presenting the Complaint, Amended Complaint and Brief, has certified to this Court, "after an inquiry reasonable under the circumstances" that they have not been presented "for any improper purpose" and "the factual contentions have evidentiary support[.]" Fed. R. Civ. P. 11(b)(1) and (3). Plaintiff has failed to demonstrate that the contradictory membership allegations have evidentiary support.

[8] Although Plaintiff appears to rely, in part, on the lack of issuance of any membership certificates, he has failed to address Oklahoma law governing limited liability companies and the requirement, if any, that membership certificates be issued. The Court is perplexed by Plaintiff's failure to address this issue. The parties raised the issue at the status conference which prompted, in part, the Court to direct jurisdictional briefing. Moreover, Plaintiff could have conducted limited jurisdictional discovery as to the membership interest issues, but chose not to do so.